Jto<~e
tKefollbtving Opinion o£ "fbe court: — Abbey declared' against Cáldwell, ihataaction 'of slander, for speaking of the plaintiff these words : «That he, the said Abbey, was á damn’d íogue; meaning that he, the said Abbey, was guilty of having or concealing the goods of the defendant:” and also, “ that he, the said Abbey, had embezzled goods of his, the defendant’s, store, to the'amount of four or-five hundred dollars ; meaning that he, the said Abbey, had been guilty of stealing his goods.”
The defendant demurred,, ard the plaintiff joined in demurrer. The court overruled the demurrer, and gave ot-jm^n.rjjgjjj. for plaintiff. Upon executing a writ of . , * , , 1 , ¾ ,, r inquiry, the jury assessed damages to 100 dollars, tor which the court gave judgment; and Caldwell appealed (-^¡g
The declaration does not allege the plaintiff in the action to have been a tradesman ; or that the words were spoken of him in respect of his employment in any of’fice of trust or profit; or in any trade, business, or art; so that the only question is, áre the words, as charged in the declaration, in themselves actionable ?
The first count does not allege the speaking of words which import any crime; nor does the explanation, or inuendo, import any theft, felony, or other ground of 'action. It is well settled, that to cal! another a rogue, is not 'actionable : the expression is very equivocal, and is taken to be the result of heat and passion — Str. 304, Ballamy vs. Baker, and the authorities there cited (a), 4 Rep. 15, Stanhope vs. Blithe.
The second count, without the inuendo, imports only a breach of trust. The inuendo cannot be used, proper-lv,to extend the meaning of the -words beyond their own import, nor to make that certain, which was before uncertain ; it stands in place of aforesaid — 4 Coke 20, a. 27, b. — Esp. N. P. 514. No issue can be taken on the truth of the words contained in an inuendo. If the words, as spoken, were not actionable, the inuendo cannot make them so. Construing the words in their most obvious sense, without giving them a forced acceptation, either in mitiori vel graviori senxu, they do not, as laid in the declaration, contain any such charge, as that it must be intended damage was necessarily consequent, or naturally flowing from the speaking of them j and no *531 special damage is alleged — Clay vs. Barclay, Pr. Dec. 79 — John Wallace vs. John Grant, 79, 80.
It seems to us that the court erred in overruling the. demurrer, and giving judgment thereupon in favor of the p|aintiff.r~r.judgment reversed.

 s ⅜7, Com. Uig, title, action for' defamation,(f. 7)268.